# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TORRY HULL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-492-RWS |
| CITIBANK, N.A.; | : |
| CITIMORTGAGE, INC.; and | : |
| BANK OF NEW YORK | : |
| MELLON N.A., | : |
| | |
| Defendants. | |

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss [6] the Plaintiff's Complaint [1] for failure to state a claim upon which relief can be granted. After reviewing the record, the Court enters the following Order.

## Background[1]

Plaintiff initiated this action in DeKalb County Superior Court seeking quiet title and declaratory relief arising from an alleged improper foreclosure sale of the Plaintiff's rental property. ([1]). Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship jurisdiction. ([1-

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as true the facts alleged in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

4]). Defendant now moves to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted. ([6]).

Plaintiff purchased the residential structure and real property located at 3869 East Saddle Drive, Lithonia, Georgia on or about June 30, 2003. ([1] ¶ 7). Plaintiff obtained a loan from National Bank of Commerce ("BancFinancial") in the amount of $229,900.00. ([1] ¶ 7). Plaintiff contemporaneously executed a security deed naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and grantee to secure the Promissory Note to the bank. ([1] ¶ 7). The security deed was recorded in the real property records of DeKalb County on July 3, 2003. ([6-2]). MERS subsequently assigned its interest in the security deed to CitiMortgage, recorded in DeKalb County on February 25, 2011. ([6-3]).

After Plaintiff defaulted on the loan, Defendant CitiMortgage issued a Notice of Default to Plaintiff on June 30, 2010. ([6-4]). Beginning in 2012, Plaintiff pursued a loan modification by applying to Defendant CitiBank to reduce his monthly mortgage payment. ([1] ¶ 10). Despite Plaintiff's loan modification efforts, CitiMortgage initiated non-judicial foreclosure proceedings, providing Plaintiff with a Notice of Foreclosure Sale on April 6, 2012 with a specified sale date of June 5, 2012. ([6-5]). As required by Georgia law, Defendant published a

notice in a local newspaper for four consecutive weeks beginning May 10, 2012. ([6-6]). The property was sold to CitiMortgage on June 5, 2012. ([1] ¶ 12). Immediately thereafter, CitiMortgage deeded the property to Bank of New York Mellon, N.A. ([6-7] p. 2). The Deed Under Power of Sale evidencing the foreclosure sale was recorded in DeKalb County on August 9, 2012. ([6-7]).

Plaintiff filed the instant Complaint alleging Defendants wrongfully foreclosed on Plaintiff's property. Plaintiff asserts claims for damages, injunctive relief, quiet title, and requests a Declaratory Judgment that Defendants lacked authority to exercise the power of sale. Plaintiff alleges the assignment of the Security Deed to CitiMortgage was invalid, and therefore CitiMortgage did not have proper standing to foreclose. Plaintiff further claims CitiMortgage failed to send required notice of default as a condition precedent to foreclosure, thereby breaching the terms of the Security Deed. Finally, Plaintiff claims Defendants' actions violate the Georgia Fair Business Practices Act and they are liable to Plaintiff for damages. The Court now considers Defendants' Motion to Dismiss under Rule 12(b)(6).

## Discussion

### I. Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to

accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant, 187 F.3d at 1273 n.1. However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

The United States Supreme Court dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court replaced that rule with the "plausibility standard," which requires factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Twombly, 127 U.S. at 556.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). " 'Undisputed' means that the authenticity of the document is not challenged." Id.

**II.    Analysis**

The Court agrees with Defendants that Plaintiff's Complaint fails to state a claim upon which relief may be granted and therefore must be dismissed under Rule 12(b)(6).

    A.    Wrongful Foreclosure

The Court rejects Plaintiff's primary contention that Defendants lacked

standing or legal authority to foreclose. By his own admission, Plaintiff executed a Security Deed in favor of MERS as nominee and grantee for BancFinancial. ([1] ¶ 7). Under the terms of the Security Deed, Plaintiff unequivocally "grant[ed] and convey[ed] to MERS and the successors and *assigns* of MERS, with power of sale, the [Property]." ([6-2]) (emphasis added). MERS assigned its security interest, including power of sale, to CitiMortgage and the assignment was properly recorded in DeKalb County on February 25, 2011.[2] ([6-3]). Therefore, Plaintiff's contention that "Defendant failed to record a security instrument or assignment thereof perfecting or vesting CitiBank or CitiMortgage with a security interest in the property" ([1] ¶ 15) is incorrect.[3] CitiMortgage was in fact entitled to exercise the power of sale in the Security Deed.

---

[2] Georgia law allows free transfer of security deeds and mortgage loans by way of assignment. Dunn v. BAC Home Loan Services, L.P., No. 1:12-CV-1047-TWT, 2013 WL 1755808, at *2 (N.D. Ga. Apr. 23, 2013); O.C.G.A. § 44-14-64(c) ("Transfer of a deed to secure debt and the indebtedness therein may be made in whole or in part . . .").

[3] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the DeKalb County Superior Court when considering a Motion to Dismiss. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1990). This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment . . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

Plaintiff also incorrectly alleges the Defendants "had no legal, beneficial, or other interest in the Plaintiff's mortgage . . . and therefore lacked legal standing . . . to exercise the power of sale granted by the Plaintiff to BancFinancial." ([1] ¶ 14). Plaintiff claims CitiMortgage lacked standing to foreclose on the Property because the Promissory Note did not grant such authority to MERS. The Supreme Court of Georgia recently rejected this "splitting of note and deed" theory. You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013). The Court held "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." Fabre v. Bank of Am., N.A., No. 12-15053, 2013 WL 3722118, at *3 (11th Cir. July 17, 2013) (quoting You, 743 S.E.2d at 433). Thus, CitiMortgage, as holder of the Security Deed, rightfully exercised the power of sale.[4]

B.   Breach of Contract

Plaintiff further alleges that Defendants failed to send proper notice as

---

[4] To the extent Plaintiff's claim rests on a general challenge of the validity of the assignment, that argument also fails. Plaintiff does not have standing to challenge the assignment from MERS to CitiMortgage because Plaintiff was not party to the assignment. See, e.g., Woodberry v. Bank of Am., N.A., No. 1:11–CV–3637–TWT, 2012 WL 113658, at *2 (N.D. Ga. Jan. 12, 2012); Haldi v. Piedmont Nephrology Assocs., 641 S.E.2d 298, 300 (Ga. Ct. App. 2007).

required by Paragraph 22 of the Security Deed, and therefore Defendants' exercise of the power of sale was improper. ([1] ¶ 16). Paragraph 22 provides:

> The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

Defendant CitiMortgage provided Notice of Default to Plaintiff in a letter dated July 30, 2010. ([6-4]). The letter identified CitiMortgage as "providing this notice as lender or servicing agent for the lender" and instructed "to cure default, you must pay the past due amount of $31,039.83" by August 30, 2010 "to bring your account current." ([6-4]). CitiMortgage in all other respects complied with Paragraph 22's requirements. Plaintiff's claim that he did not receive notice as required by the Security Deed is clearly contradicted by the record and must fail.

### C.    The Georgia Fair Business Practices Act

Plaintiff further claims Defendants' actions violate the Georgia Fair Business Practices Act (GFBPA). ([1] ¶ 31). The GFBPA was created "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce." O.C.G.A. § 10-1-391(a). The statute

8

provides a private cause of action for individuals injured under the statute, and provides for damages and injunctive relief.

Georgia courts have noted that "legislature has evidenced a clear intent to limit the scope of the [GFBPA] to the consumer market . . . ." State of Ga. v. Meredith Chevrolet, 244 S.E.2d 15, 18 (Ga. Ct. App. 1978). Based on the Georgia General Assembly's intent to limit GFBPA's applicability to unregulated consumer transactions, courts in the Eleventh Circuit have routinely dismissed GFBPA claims alleging injury based on mortgage transactions. See, e.g., Jackman v. Hasty, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011); Figueroa v. JP Morgan Chase Bank, N.A., No. 1:09-CV-1874-RWS, 2010 WL 4117032, at *5 (N.D. Ga. Oct. 7, 2010); Zinn v. GMAC Mortg., No. 1:05-CV-01747, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006); Jenkins v. BAC Home Loan Servicing, LP, 822 F. Supp. 2d 1369, 1376 (M.D. Ga. 2011). Therefore, Plaintiff's claim is not covered under the GFBPA and must be dismissed.

D.   Request for Quiet Title

Plaintiff additionally requests the Court grant "judgment quieting title to his interest in the Property and declaring null and void the Security Deed and Special Warranty Deed." However, Plaintiff failed to satisfy the pleading requirements of Georgia's Quiet Title Act ("Act"), O.C.G.A. § 23-3-61 et seq. Under the Act, a

9

petition for Quiet Title must contain "a specification of the petitioner's interest in the land, a statement as to whether the interest is based upon a written instrument . . ., and, if the proceeding is brought to remove a particular cloud or clouds, a statement as to the grounds upon which it is sought to remove the cloud or clouds." O.C.G.A. § 23-3-62(b). The Act further requires petitioner to, among other steps, file "a plat of survey of the land . . ." and "contemporaneously file with the clerk of the court a notice for record in the lis pendens docket . . . ." O.C.G.A. §§ 23-3-62(c), (d).

First, Plaintiff failed to allege that he currently holds title or prescriptive title as required by O.C.G.A. § 23-3-61; Dykes Paving & Constr. Co. v. Hawk's Landing Homeowner's Ass'n, Inc., 647 S.E.2d 579, 580 (Ga. 2007). Plaintiff also failed to file a plat of survey of the land to which Plaintiff seeks to quiet title as required by O.C.G.A. § 23-3-62(c). Further, there is also no evidence Plaintiff filed the required Notice of Lis Pendens required by O.C.G.A. § 23-3-62(d). For these reasons, the Plaintiff's Quiet Title claim fails.

### E. Request for Other Remedies

Because the Court concludes Plaintiff failed to prevail on the merits of his claims, Plaintiff's request for damages, punitive damages, temporary restraining order, and declaratory judgment are denied.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [6] is **GRANTED**. Plaintiff's Complaint is accordingly **DISMISSED WITH PREJUDICE**, and the Clerk is directed to close the case.

**SO ORDERED**, this  11th  day of September, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE